IRVIN *vs* NICHOLS.

1. Where, in an action upon a note payable in cotton, judgment is rendered, ascertaining the value of the cotton, this Court, in the absence of a bill of exceptions, or demurrer to the evidence, showing what testimony *was* introduced, will not suppose that the note sued on, was the *only* evidence introduced.

3. In an action, (commenced before a justice, and taken by appeal to a Superior Court,) upon a note payable in cotton, an omission to set out the value of the cotton in the statement, is cured by a verdict, ascertaining the value: or, at least, by the statute of jeofails.

In Montgomery County, Robert Irvin, bearer of William Nichols, sued out a warrant against Jefferson Nichols, on a note of the latter, payable to William Nichols, in two thousand pounds of cotton.

On the trial, before the justice, judgment was given for the plaintiff, from which the defendant took an appeal to the County Court.

In the County Court, the plaintiff came and filed, on the appeal, the following statement, to wit—"The plaintiff avers, that the defendant is indebted to him, in the sum of two thousand pounds of cotton—due by note, dated the 14th February, 1825, due the 15th November, 1825—which debt the defendant neglects and refuses to pay, to the plaintiff's damage of fifty dollars." And a judgment in the said Court, was given for the plaintiff.

The defendant, on writ of error, assigned in this Court—

*First*—That there was no issue formed or signed,

between the parties; and, that the cause was submitted to a jury, as upon issue, when none was joined.

*Secondly*—That the statement filed by the plaintiff contained no cause of action: it assigned no breach of the defendant's undertaking, nor averred the value of the cotton, at the time it was to have been delivered.

*Peck*, for the plaintiff in error. We rely only on the second assignment of error. The note and statement must be taken together; and, thus taken, they shew no cause of action. There was no averment of the value of the cotton, which is a material matter and must be stated. From all the papers, it appears that the plaintiff had no interest in the note sued on—consequently, no cause of action. He does not even state, that he is the *bearer* of the note: *prima facie*, it belongs to Nichols; and every assertion of the right to sue, in the plaintiff here, is upon presumption.

*Goldthwaite*, contra. It has repeatedly been determined, that the same strictness is not required, in cases like the present, as in ordinary pleadings. The Court will presume, that the value of the cotton was proven, for such is the verdict; and the jury could not have found the value, had it not been proven.

How can this Court arrive at the conclusion, the note was the only evidence. There is no bill of exceptions, and no demurrer to the evidence. In no other mode, than by one of these, could the evidence become a part of the record.

THORNTON. J.—This action was commenced by warrant, before a justice of the peace, from whose judgment an appeal was taken to the County Court, where a statement of the cause of action, is made by the plaintiff, in the following words:

"The plaintiff avers, that the defendant is indebted to him, in the sum of two thousand pounds of cotton, due by note, dated the 14th February, 1825—due the 15th November, 1825; which debt the defendant neglects and refuses to pay, to the plaintiff's damage of fifty dollars."

There are two errors assigned upon the record: the first is for the omission of a formal issue, signed by the parties, which, however, is not insisted upon, as valid.

The second assignment of error is endeavored to be sustained, by supposing that the note endorsed on the warrant, which was payable to William Nichols, or bearer, was the only evidence, which the plaintiff introduced on the trial, to sustain the issue tendered by his statement.

There is no bill of exceptions taken, or demurrer to the evidence, shewing *what* testimony was adduced, or, that any objection was made, to any which was heard. So that no proposition in this Court, can be predicated, of the evidence in the cause. This assignment of error is further sought to be sustained, by a supposed substantial omission in the statement, respecting the value of the cotton.

We consider this objection cured, by the verdict, ascertaining that value; but, at all events, as obviated, by the statute of 1824, which provides that no cause shall be reversed, &c., after verdict or judg-

ment, for any matter on the face of the pleadings, not previously objected to—provided the declaration contains a substantial cause of action, and a material issue be tried thereon.

The judgment is affirmed.